UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SEAN BALLOU,

                      Plaintiff,

    -against-                                  **AMENDED COMPLAINT**

THE CITY OF NEW YORK,
ELIZABETH WARRINGTON, and
JOHN and JANE DOES 1-3,
                                         **PLAINTIFF DEMANDS**
                Defendants.           **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Sean Ballou, by his attorneys Lumer & Neville, as and for his Amended Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff Sean Ballou was an adult male resident of Kings County, in the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant Elizabeth Warrington, Shield 23084, was a member of the NYPD. Warrington is sued herein in her official and individual capacities.

4. At all relevant times hereinafter mentioned, defendants John and Jane Does 1-3 were members of the NYPD whose actual identities are unknown to plaintiff. The Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On September 14, 2013, at or between 12:00 and 1:00 p.m., plaintiff was lawfully present outside of 590 Williams Avenue in Brooklyn, New York.

8. While plaintiff is present at this location, he is assaulted by a woman he knows, who is identified herein as "JS," at which time JS struck him with her hands and with a rack from a grill, causing him physical injuries.

9. At no time did plaintiff strike or otherwise assault JS in any fashion.

10. Several uniformed police officers (including Warrington and the Doe defendants) responded to the scene. JS repeatedly and truthfully denied to them that plaintiff has hit or otherwise assaulted her.

11. Each of the individual defendants was on duty at the time.

12. One of the Doe defendants claims to recognize plaintiff as a person

who had previously sued and plaintiff is promptly arrested and taken into custody.

13. At no time was there probable cause to arrest plaintiff, nor would it have been reasonable to believe such cause existed.

14. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

15. Defendants transported plaintiff to a local area NYPD station house, where he was imprisoned against his will.

16. At some point thereafter, defendants transported plaintiff, or caused him to be transported, to Kings County Central Booking, where he was further detained against his will by employees of the defendant City of New York.

17. While plaintiff was were unlawfully imprisoned by the defendants, the defendants completed arrest paperwork which, upon information and belief, alleged that plaintiff had assaulted JS and was possession of crack cocaine.

18. More specifically, Warrington, Shield 23084, completed paperwork in which she claimed that (i) a woman named Stacy Samuels told her that she witnessed plaintiff strike JS; (ii) Warrington witnessed JS on the ground, bruised and bleeding; and (iii) Warrington recovered crack cocaine from plaintiff's pocket.

19. These allegations were materially false as plaintiff never touched JS; JS never claimed that plaintiff touched her; no other person, including Stacy Samuels, made any statements claiming that plaintiff assaulted JS; and all of these claims were fabricated by the defendants, as were the defendants' false claims that defendants recovered crack cocaine

from plaintiff.

20. Warrington, as the Doe defendants knew she would, forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrest and to persuade the KCDA or to commence and/or continue the plaintiff's criminal prosecution.

21. The defendants knew and understood that the KCDA was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the plaintiff.

22. Defendants were aware that the KCDA assumed that all of the factual statements, claims and allegations that defendants relayed to the KCDA and were truthful in all material respects.

23. Defendants further knew and understood that they were obligated to provide any and all exculpatory information to the KCDA and that defendants were expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

24. The KCDA, relying entirely on defendants' false representations, initiated the prosecution against plaintiff under docket 2013KN071285.

25. At no time did any of the defendants retract, modify, or correct the defendants' false claims which caused the KCDA to initiate plaintiff's prosecution.

26. Plaintiff was arraigned on or about September 15, 2013, at which time bail was set. Plaintiff was then held in custody until he was able to post bail on September 17,

2013.

27. On April 3, 2014, following multiple court appearances at which plaintiff was legally required to be present on threat of imprisonment, all of the charges against plaintiff were dismissed and the criminal prosecution against him terminated in his favor.

28. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers against the plaintiff.

29. The defendants' illegal, unlawful, and unconstitutional actions against the plaintiff in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

30. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

31. Plaintiff repeats the allegations contained above as though stated fully herein.

32. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to

believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

33. The individual defendants fabricated evidence in order to manufacture probable cause for the plaintiff's arrest, and to cover up their unlawful conduct, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

34. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to (i) false arrest and imprisonment, (ii) unlawful searches of person and property, (iii) malicious prosecution, and (iv) denial of due process and his right to a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

35. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**

36. Plaintiff repeats the allegations contained above as though stated fully herein.

37. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

38. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

39. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

40. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

41. The failure of the City of New York and the NYPD properly to select,

train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

42. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

43. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

44. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

45. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial; and

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:   New York, New York
           August 27, 2015

                                    LUMER & NEVILLE
                                    Attorneys for Plaintiff
                                    225 Broadway, Suite 2700
                                    New York, New York 10007
                                    (212) 566-5060

                    By: _____
                                    Michael B. Lumer (ML-1947)